IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN KRANKOWSKI and KAITLIN C. O'NEIL,  :
       Plaintiffs  :
        :
  v.  :  3:CV-08-1595
        :  (JUDGE VANASKIE)
TIMOTHY J. O'NEIL, et al.,  :
        :
       Defendants  :

## MEMORANDUM

On August 25, 2008, Plaintiffs Susan Krankowski and Kaitlin C. O'Neil filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising out of the handling of Plaintiffs' state court petition to modify child support payments in June of 2005. (Compl., Dkt. Entry 1.) The eleven-named Defendants include Timothy J. O'Neil, the father of Kaitlin O'Neil; the Northumberland County Domestic Relations Office; Cynthia Price, Director of Domestic Relations; Attorney Michael Seward; the Northumberland County Board of Commissioners; Vinnie Clausi, Frank Sawicki, and Kurt Masser, all of whom are alleged to be employees of the Northumberland County Domestic Relations Office; Northumberland County Common Pleas Judge Charles Saylor; and Domestic Relations case workers Shelley Supatina and Brian Moroskie. Along with the Complaint, Plaintiffs have provided a Declaration in Support of Request to Proceed in Forma Pauperis (Dkt. Entry 2), and a Corrected Motion to Proceed in Forma Pauperis. (Dkt. Entry 6.) For the reasons stated below, Defendants Judge Saylor, the

Northumberland County Relations Office, and the Northumberland County Board of Commissioners will be dismissed from this action, and Plaintiffs shall be afforded the opportunity to amend their Complaint.

I. BACKGROUND

In June of 2005, Plaintiffs petitioned the Northumberland County Court to increase the child support payable by Mr. O'Neil.  (Compl. ¶ 3.)  A conference was held in October of 2005 where Plaintiffs allegedly were denied access to information regarding Mr. O'Neil's income.  Following the conference, Plaintiffs continued to petition the Court to correct its purported mistake and to properly calculate the child support payments.  (Id. at ¶ 4.)

Mr. Seward and Ms. Supatina are alleged to have intentionally misrepresented Mr. O'Neil's income.  (Id.)  Plaintiffs requested that the Domestic Relations Office correct the error and give them $100,000 in overdue child support payments.  (Id. at ¶¶ 4 & 5.)  Plaintiffs contend that Defendants have a duty to comply with Ms. Krankowski's request and correct these errors.  (Id. at ¶ 6.)

The first claim for relief alleges that Plaintiffs were denied Procedural Due Process under the Fourteenth Amendment by all Defendants in being denied access to Mr. O'Neil's financial information; a fair and impartial hearing; access to the Domestic Relations Office; and an equal opportunity to litigate, all of which resulted in a significant financial loss.  (Id. at ¶¶ 7-16.)  All Defendants purportedly acted in concert to deprive Plaintiffs of Procedural Due

Process, and did so with bad faith and malice.  (Id. at ¶¶ 12 & 14.)

The second claim for relief, asserting violations of the Substantive Due Process component of the Fourteenth Amendment, alleges Plaintiffs have a property interest in the correct amount of child support and Defendants have intentionally deprived them of that amount.  (Id. at ¶¶ 17-19.)  This conduct has allegedly deprived Plaintiffs of dental insurance and the lack of support has placed Kaitlin in a worse condition, with more health and behavioral problems.  (Id. at ¶ 23.)  Specifically, Plaintiffs allege they have the right to be paid for adequate and reasonable health care by Mr. O'Neil.  (Id. at ¶ 19.)

The third claim for relief asserts an abuse of process.  Plaintiffs allege that Judge Saylor and others "smirked and laughed while rules of law, procedure and evidence were bent to the Defendant's bad faith agenda."  (Id. at ¶ 28.)  Judge Saylor is also alleged to have refused to allow a recorded oral argument.  (Id.)  Mr. O'Neil was apparently given every procedural and substantive advantage in order to arrive at a favorable result.  (Id.)  It is alleged that Northumberland County paid for Mr. O'Neil's litigation expenses even though he was not indigent.  (Id. at ¶ 29.)  All Defendants are alleged to have a history of violating Plaintiffs' rights in depriving them of property and treating them differently than those similarly situated.  (Id. at ¶ 30.)

The fourth claim for relief alleges violations of the Equal Protection clause of the Fourteenth Amendment.  (Id. at 6.)  It is alleged that Defendants side stepped the appropriate

3

laws, court personnel smirked or laughed out loud, and that Mr. O'Neil was given procedural and substantive advantages.  (Id. at ¶¶ 34-35.)  It is further alleged that the County Commissioners and their agents have a history of violating Plaintiffs' constitutional and statutory rights.[1]  (Id. at 37.)

II. DISCUSSION

A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), in proceedings in forma pauperis, a court shall dismiss a claim if it determines that the claim "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In reviewing the legal sufficiency of a plaintiff's complaint, a court must accept the truth of the plaintiff's factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

---

[1] It is also alleged that the Children and Youth Office of Northumberland County created a scheme to take away Kaitlin from Ms. Krankowski's custody.  It appears Ms. Krankowski has already litigated this matter.  (See Krankowski v. Northumberland County Children & Youth, Civil Action No 4:02-cv-01614, Dkt. Entry 28, slip op. (M.D. Pa. Mar. 14, 2003) (dismissed for failure to prosecute and abide by court orders)).

B.  Defendant Judge Saylor

It is well recognized that members of the judiciary are entitled to absolute immunity. Pierson v. Ray, 386 U.S. 547, 554 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Gallas v. Supreme Court of Pa.,  211 F.3d 760, 769 (3d Cir. 2000) (citing Strump v. Spartkman, 435 U.S. 349, 356-57 (1978)). "Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." Id.  (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985.))

Here, all the allegations in the Complaint relate to action taken by Judge Saylor in his capacity as a judge.[2]  There are no allegations or facts presented that support a clear absence of his jurisdiction.  See Azubuko v. Royal,  443 F.3d 302, 303 (3d Cir. 2006) (affirming the dismissal of plaintiff's civil rights action against a judge because all of the allegations in the complaint related to actions taken in his official capacity as judge and there was no showing that the actions were taken in the clear absence of his jurisdiction).  Nor does it appear that Plaintiff could allege facts supporting a clear absence of jurisdiction.  Therefore, Judge Saylor will be dismissed from this action.

---

[2] Judge Saylor is alleged to have refused to allow a recorded oral argument, engaged in smirking or laughing, and made rulings in favor of Defendants.  (Compl. ¶¶ 28, & 35.)

C. Defendant Northumberland County Domestic Relations Office

Subordinate entities of a county are generally improper defendants in an action brought pursuant to § 1983. Meyers v. Schuylkill County Prison, No. 4:CV-04-1123, 2006 WL 559467, at *8 (M.D. Pa. Mar. 7, 2006) (a county prison is not a "person" within the meaning of § 1983); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (the New Jersey Prison Medical Department, a state agency, may not be sued under 42 U.S.C. § 1983 since it is not a "person."); Umhey v. County of Orange, N.Y., 957 F. Supp. 525, 532 (S.D.N.Y. 1997) ("[T]he Board of Ethics is not an entity separate from the County itself that is capable of being sued.") The Northumberland County Domestic Relations Office is no exception. Thus, the Northumberland County Domestic Relations Office is not an appropriate Defendant and will be dismissed from this action.

D. The Remaining Defendants

Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v Twombly, --- U.S. ----, 127 S.Ct. 1955, 1959 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). In this regard, "[a] party must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated

in a separate count . . . ." FED. R. CIV. P. 10(b).

Plaintiffs' Complaint does not meet the mandates of the Federal Rules of Civil Procedure because specific facts are not alleged against individual defendants Factual allegations are required "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1964) (internal citations omitted).  For example, a conspiracy claim requires information pertaining to the nature and extent of the defendants' alleged adverse actions.  A conclusory assertion of conspiracy, as exists in this case, is simply not enough to put Defendants on fair notice of the allegations against them.

Plaintiffs will be afforded twenty (20) days within which to file an amended complaint. Plaintiffs are directed to file a comprehensive amended complaint that sets forth their claims in short, concise, plain statements in sequentially numbered paragraphs.  The amended complaint must be a new pleading which stands by itself without reference to the documents already filed. The amended complaint must be complete in all respects.  Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992).  It should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated their rights.  See Bieros v. Nicola, 860 F. Supp. 226, 236 (E.D. Pa. 1994) (affording pro se plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s)

of Plaintiff's civil rights."); Meekins v. Colleran, No. 3:CV 05 1394, 2005 WL 2133677, at *1 (M.D. Pa. Sept. 1, 2005).  If Plaintiffs wish to include other documents along with the amended complaint, the documents should be labeled as exhibits and attached to the amended complaint.  Plaintiffs are further advised that a failure to timely respond in the manner explained above will result in the dismissal of this case.

III.  CONCLUSION

  For the foregoing reasons, Defendants Judge Saylor and the Northumberland County Domestic Relations Office will be dismissed from this action.  Plaintiffs shall be required to file an amended complaint with respect to the other Defendants.

             s/ Thomas I. Vanaskie
             Thomas I. Vanaskie
             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN KRANKOWSKI and KAITLIN C. O'NEIL, : <br> Plaintiff : <br> : <br> v. : <br> : <br> TIMOTHY J. O'NEIL, et al., : <br> : <br> Defendants : | 3:CV-08-1595 <br> (JUDGE VANASKIE) |

## ORDER

NOW, THIS 11th DAY OF DECEMBER, 2008, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motions to proceed in forma pauperis (Dkt. Entries 2 & 6) are GRANTED.

2. Defendants Judge Saylor and the Northumberland County Domestic Relations Office are DISMISSED, WITH PREJUDICE.

3. Plaintiffs shall file an Amended Complaint within twenty (20) days of the date of this order with regard to the remaining Defendants. Failure to do so will result in dismissal of this action.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge